[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{para;1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{para;2} Defendant-appellant Edward J. Scheuermann appeals his conviction for attempted failure to notify the sheriff of a change to his home address, in violation of R.C. 2950.05(E)(1). Scheuermann had entered a plea of guilty to this first-degree misdemeanor offense. The trial court conducted the required colloquy, accepted the plea, found Scheuermann guilty, and sentenced him to the 109 days of confinement that he had already served.
{para;3} Pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, Scheuermann's appointed appellate counsel has advised this court that, after a thorough review of the record, she can find nothing that would arguably support Scheuermann's appeal. Appellate counsel has communicated her conclusion to Scheuermann and has moved this court for permission to withdraw as counsel. See id. at 744, 87 S.Ct. 1396. Counsel has received a letter from Scheuermann, in which he has raised a single issue in support of his appeal, claiming that he was coerced to plead guilty by his trial counsel.
{para;4} Counsel now requests that this court independently examine the record to determine whether the appeal is wholly frivolous. See id.; see, also, Freels v. Hills (C.A.6, 1988), 843 F.2d 958. We have done so, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Scheuermann. The record reflects that the trial court, pursuant to Crim.R. 11(C), scrupulously ensured that Scheuermann's plea was made knowingly and voluntarily. We, therefore, overrule counsel's motion to withdraw from her representation of Scheuermann and affirm the judgment of the trial court.
{para;5} Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there were no reasonable grounds for this appeal. But, because of Scheuermann's indigency, we allow no penalty.
{para;6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.